Judson L. Hand (JH-1189)
PROSKAUER ROSE LLP
One Newark Center
Newark, New Jersey 07102
(973) 274-6019

Attorneys for Plaintiff
Church & Dwight Co., Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHURCH & DWIGHT CO., INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ABBOTT LABORATORIES, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br><br><br><br> **COMPLAINT** <br> (Jury Trial Demanded) |

Plaintiff Church & Dwight Co., Inc. ("C&D"), by and through its undersigned attorneys, alleges as follows as and for its Complaint against Defendant Abbott Laboratories ("Abbott"):

### THE PARTIES

1. Plaintiff C&D is a corporation organized and existing under the laws of the State of Delaware. C&D maintains its principal place of business at 469 N. Harrison Street, Princeton, New Jersey.

2. Upon information and belief, Defendant Abbott is a corporation organized and existing under the laws of the State of Illinois, and has its principal place of business at 100 Abbott Park Road, Abbott Park, Illinois.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, as is more fully set forth below.

4. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

6. On February 3, 1998, United States Patent No. 5,714,389 ("the '389 patent"), entitled "Test Device and Method for Colored Particle Immunoassay," was duly and legally issued by the United States Patent & Trademark Office. A true and correct copy of the '389 patent is attached to this Complaint as Exhibit A.

7. On November 23, 1999, United States Patent No. 5,989,921 ("the '921 patent"), entitled "Test Device and Method of Colored Particle Immunoassay" was duly and legally issued by the United States Patent & Trademark Office. A true and correct copy of the '921 patent is attached to this Complaint as Exhibit B.

8. On November 26, 2002, United States Patent No. 6,485,982 ("the '982 patent"), entitled "Test Device and Method for Colored Particle Immunoassay" was duly and legally issued by the United States Patent & Trademark Office. A true and correct copy of the '982 patent is attached to this Complaint as Exhibit C.

9. Plaintiff C&D holds all right, interest and title in and to the '389, '921 and '982 patents, including the right to collect past damages under those patents, in connection with the marketing and sale of infringing products in the over-the-counter ("OTC") market.

10. Defendant Abbott has used, sold, offered for sale, and either made or had made for it, OTC immunoassay test devices, including home pregnancy test products (*e.g.*, the "Fact Plus® Pregnancy Test"). These products have been sold and offered for sale in competition with Plaintiff C&D, in this judicial district and throughout the United States. Defendant Abbott has

also induced others to make, use, sell, and/or offer for sale these same devices in the United States, including this judicial district.

## COUNT ONE

11. Plaintiff incorporates the allegations set forth in Paragraphs 1-10 above as if each were separately set forth at length herein.

12. Upon information and belief, the normal and intended use of Abbott's OTC immunoassay test devices has constituted an infringement of the '389 patent in violation of 35 U.S.C. § 271. Abbott has induced that infringement and has contributorily infringed through the sale and/or offer for sale of the aforementioned devices.

13. Abbott has infringed the '389 patent, directly and/or indirectly, in violation of 35 U.S.C. § 271.

14. On information and belief, Abbott's acts of infringement have been willful, with full knowledge of the '389 patent and that use of its OTC immunoassay test products gave rise to an infringement of that patent.

15. Abbott's acts of infringement of the '389 patent have caused reparable and irreparable damage to C&D.

## COUNT TWO

16. Plaintiff incorporates the allegations set forth in Paragraphs 1-15 above as if each were separately set forth at length herein.

17. Abbott has sold and offered for sale OTC immunoassay test devices covered by one or more claims of the '921 patent, and/or induced others to make, use, sell, and/or offer for sale OTC immunoassay test devices covered by one or more claims of the '921 patent.

18. Abbott has infringed the '921 patent, directly and/or indirectly, in violation of 35 U.S.C. § 271.

19. On information and belief, Abbott's acts of infringement have been willful, with full knowledge of the '921 patent and that its OTC immunoassay test devices infringed that patent.

20. Abbott's acts of infringement of the '921 patent have caused reparable and irreparable damage to C&D.

### COUNT THREE

21. Plaintiff incorporates the allegations set forth in Paragraphs 1-20 above as if each were separately set forth at length herein.

22. Upon information and belief, the normal and intended use of Abbott's OTC immunoassay test devices has constituted an infringement of one or more claims of the '982 patent. Abbott's OTC immunoassay test devices themselves are also covered by one or more claims of the '982 patent.

23. Abbott has sold and offered for sale OTC immunoassay test devices covered by one or more claims of the '982 patent, and/or induced and/or contributed to infringement of the '982 patent by others. Consequently, Abbott has directly and/or indirectly infringed the '982 patent in violation of 35 U.S.C. § 271.

24. On information and belief, Abbott's acts of infringement have been willful, with full knowledge of the '982 patent and full knowledge that its OTC immunoassay test devices and/or the use of its immunoassay test devices infringed that patent.

25. Abbott's acts of infringement of the '982 patent have caused reparable and irreparable damage to C&D.

### REQUEST FOR RELIEF

By reason of the foregoing, Plaintiff C&D respectfully requests that this Court:

(a) enter judgment that Abbott has infringed the '389, '921 and '982 patents;

4

(b) enter judgment that Abbott's acts of patent infringement are willful;

(c) preliminarily and permanently enjoin Abbott, its officers, subsidiaries, agents, servants, employees, attorneys, and all persons in active concert with it, from any further infringement of the '389, '921 and '982 patents;

(d) award damages, costs, and prejudgment interest to Plaintiff C&D under 35 U.S.C. § 284;

(e) award up to treble damages upon a finding that Abbott's infringement has been willful and wanton under 35 U.S.C. § 284;

(f) declare this case exceptional and award Plaintiff C&D its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

(g) award Plaintiff C&D such other relief as this Court deems just and proper.

Dated: April 20, 2005

Respectfully Submitted,

Judson L. Hand (JH-1189)
PROSKAUER ROSE LLP
One Newark Center
Newark, New Jersey 07102
(973) 274-6019

Richard M. Goldstein
James H. Shalek
Baldassare Vinti
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036-8299
(212) 969-3000

Attorneys for Plaintiff
Church & Dwight Co., Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: April 20, 2005

Respectfully Submitted,

Judson L. Hand (JH-1189)
PROSKAUER ROSE LLP
One Newark Center
Newark, New Jersey  07102
(973) 274-6019

Richard M. Goldstein
James H. Shalek
Baldassare Vinti
PROSKAUER ROSE LLP
1585 Broadway
New York, New York  10036-8299
(212) 969-3000

Attorneys for Plaintiff
Church & Dwight Co., Inc.