# PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**James H. Shalek**
Member of the Firm

Direct Dial 212.969.3050
jshalek@proskauer.com

January 23, 2008

**Via E-Filing and E-Mail**

Honorable Garrett E. Brown, USDJ
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

Re:   *Church & Dwight Co., Inc. v. Abbott Laboratories*, Civil Action No. 05-2142 (GEB)

Dear Judge Brown:

Plaintiff Church & Dwight, Co., Inc. ("C&D") moves pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37 and Federal Rules of Evidence 402 and 403 to prevent Defendant Abbott Laboratories ("Abbott") from offering expert testimony on invalidity and infringement issues from three witnesses who did not submit expert reports during discovery: Julian Gordon, Shanfun Ching, and Dennis Mochnal. C&D also seeks to prevent Messrs. Gordon and Ching from offering fact testimony on Abbott's infringing products because they were not properly identified in interrogatories as most knowledgeable on the infringing products during fact discovery.

### A.   The Scope Of The Proposed Testimony Of Gordon, Ching, And Mochnal

In the Pretrial Order, Abbott stated that it anticipates presenting testimony from Messrs. Gordon and Ching "relating to the development, components, structure, function, and *non-infringement* of the accused products; the conception, reduction to practice and invention of the technology described in U.S. Patent No. 5,120,643 and related patents; [and] the *invalidity* of the asserted Charlton Patents." (Pretrial Order at 27 (emphasis added).) Messrs. Gordon and Ching are named inventors of U.S. Patent No. 5,120,643 ("the Ching Patent"), one of the references on which Abbott's invalidity defense is based.

**PROSKAUER ROSE LLP**

Hon. Garrett E. Brown
January 23, 2008
Page 2

      Dennis Mochnal is one of the named inventors on a patent application (U.S. Patent Application No. 06/872,357 ("Mochnal Application")) on which Abbott's invalidity defense is also based. Abbott has stated that it anticipates Mr. Mochnal will testify "relating to the scope and subject matter of work, experimentation and research conducted, as well as related patents and patent applications on which he is a named inventor. . . ." (Pretrial Order at 29.)

      **B.**    **The Proposed Testimony Of Gordon, Ching, And Mochnal Necessarily Includes Expert Testimony That Abbott Has Failed to Disclose In An Expert Report.**

      Any testimony that Messrs. Gordon, Ching, and Mochnal present on infringement and validity issues will necessarily rely on their "scientific, technical, or other specialized knowledge" and require an explanation of facts that are not within their personal knowledge and not within the grasp of the average juror. *See, e.g., Innogenetics N.V. v. Abbott Labs.*, No. 2007-1145, 1161, 2008 U.S. App. LEXIS 976 (Fed. Cir., Jan. 17, 2008) (affirming district court ruling that an inventor of a prior art reference on which Abbott's invalidity defense was based, was providing *de facto* expert testimony and should have submitted an expert report, even though the witness was not being compensated); *Musser v. Geneva Health Servs.*, 356 F.3d 751, 757 n.2 (7th Cir. 2004) (citing Fed. R. Evid. 702 and noting that even occurrence witnesses are "providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge[.]'")

      The mere fact that Messrs. Gordon, Ching, and Mochnal are co-inventors on alleged prior art references does not convert them into fact witnesses, even if they have not been retained, specially employed, or monetarily compensated. *See, e.g., Innogenetics*, 2008 U.S. App. LEXIS 976, at 24; *Day v. Consolidated Rail Corp.*, No. 95 Civ. 968 (PKL), 1996 U.S. Dist. LEXIS 6596, at *3-4 (S.D.N.Y. May 15, 1996) (rejecting argument that no expert report was required because the expert was not "retained or specially employed to provide expert testimony."); *Ordon v. Karpie*, 223 F.R.D. 33, 35-36 (D. Conn. 2004) ("the fact that [an expert] is not being compensated for his testimony also does not exempt him from the report requirement.")

      It is fundamentally unfair to permit Abbott to have Messrs. Gordon, Ching, and Mochnal, testify at trial about the details, scope, or meaning of their patents and patent applications, free of any obligation to provide a report detailing the opinions to be expressed at trial or the bases therefore. Indeed, "[w]ithout information about the proposed content" of the "*de facto* expert testimony" from these witnesses, C&D would not have been able to prepare an adequate deposition and will not be able to prepare an adequate cross-examination at trial. *Innogenetics*, 2008 U.S. App. LEXIS 976, at *23-24.

      The nearly 30 exhibits that Abbott has notified us that it intends to use with Mr. Gordon confirm that Abbott is using the same trial-by-ambush tactic it tried to use in *Innogenetics* to circumvent expert disclosure requirements. The exhibits not only include the Ching Patent for

**PROSKAUER ROSE LLP**

Hon. Garrett E. Brown
January 23, 2008
Page 3

which Mr. Gordon is a named inventor, they include other patents on which Abbott's invalidity defense is based and for which Mr. Gordon is not a named inventor. They also include laboratory notebooks from Abbott that have no bearing whatsoever on this case, particularly when Abbott has never disclosed that it intends to present any kind of invalidity defense based on those notebooks. (*See, e.g.*, Abbott's Prior Art Disclosures Pursuant to 35 U.S.C. § 282; Abbott's Supplemental Responses to C&D Interrogatory Nos. 5 and 9.)

### C. In The Alternative, The Testimony Of Gordon, Ching, And Mochnal Should Be Strictly Confined To The Actual Words And Content Of The Ching Patent And Mochnal Application.

In the alternative, C&D respectfully requests, pursuant to Fed. R. Evid. 402, 403, that the testimony of Messrs. Gordon, Ching, and Mochnal be strictly confined to the actual words and content of the Ching Patent and Mochnal Application. Prior art references are limited to the disclosures contained within its four corners and cannot be expanded by testimony of what the inventor meant to disclose, thought he disclosed, or what he was doing that he did not disclose. *See, e.g.*, *In re Omeprazole Patent Litigation*, No. M-21-81, M21-91, 2000 U.S. Dist. LEXIS 12695, at *22 (S.D.N.Y. July 14, 2000) ("[I]nsofar as the document is asserted to constitute prior art, it is more important is what the document actually discloses to one of ordinary skill in the art, rather than what the author may have subliminally intended.").

In *Innogenetics*, the Federal Circuit affirmed the district court's ruling to limit an inventor's testimony to the actual words and content of that reference. *Innogenetics*, 2008 U.S. App. LEXIS 976, at *23-25. In addition to concluding that the testimony was *de facto* expert testimony (*see supra* at 2), the district court also reasoned that "any information [the witness] might offer beyond the words of the [reference] would be irrelevant to the issue" of what the reference would have informed a person of ordinary skill in the art. *Id.* at *24-25. The Federal Circuit affirmed, reasoning that the inventor could have added information about the reference that "might not have been understood by a person of ordinary skill in the art just from reading the application . . . ." *Id.* at *25.

Here, the likelihood of unfair prejudice would be substantial and would plainly outweigh any possible probative value. Faced with conflicting expert testimony on what the Mochnal Application and Ching Patent disclose, an average juror may be attempted to accept at face value whatever one of the named inventors of these references maintains is disclosed in them or was intended to have been disclosed in them. If permitted, such testimony would pose a serious risk of misleading the jury.

**PROSKAUER ROSE LLP**

Hon. Garrett E. Brown
January 23, 2008
Page 4

### D. Messrs. Gordon And Ching Should Also Be Precluded From Providing Any Fact Testimony Concerning Abbott's Accused Products.

During fact discovery, C&D served an interrogatory seeking, among other things, identification of witnesses most knowledgeable about the Abbott's infringing products, including their structure, function, and operation. In response, Abbott identified four other witnesses as most knowledgeable on those issues: Messrs. Eck, Parsons, Marks, and Devore. (Abbott's Response to C&D Interrogatory No. 3.) In reasonable reliance on the accuracy of that interrogatory response, C&D deposed those four witnesses, but did not depose Messrs. Ching and Gordon. Indeed, in Abbott's Initial Disclosure Statement, Mr. Ching was never identified as having knowledge concerning Abbott's accused products, and Gordon was identified as *"familiar"* with them. (Abbott's First Amended Initial Disclosures at 3.) Messrs. Ching and Gordon were taken as identified by Abbott in its Initial Disclosure Statement because they were inventors on patents that were asserted against C&D early in this case and then subsequently dismissed from the case.

Had Ching and Gordon been identified in response to C&D's Interrogatory directed to who was most knowledgeable about Abbott's infringing products, C&D could have and would have deposed them. It is fundamentally unfair for Abbott to mislead C&D into not deposing witnesses it now seeks to present at trial, in direct contradiction to its own representations. Any fact testimony from Messrs. Ching and Gordon on the infringing products should be excluded. *See, e.g., Muldrow v. Brooks*, No. 00-3730, 2002 WL 1041112, at *1 (3rd Cir. Jan. 15, 2002) (unpublished) (affirming district court's exclusion of a witness at trial who was not properly identified during discovery, depriving plaintiff of opportunity to depose him, despite plaintiff having knowledge of witness's existence); *Roger Edwards, LLC v. Fiddes & Son, Ltd.*, 216 F.R.D. 18, 20 (D. Me. 2003) (witnesses identified by the plaintiff in its pre-trial memorandum were excluded at trial because they were not properly identified during discovery and, in particular, in response to defendant's interrogatories seeking the names of knowledgeable persons).

Respectfully submitted,

James H. Shalek
Judson Hand

cc: Honorable John J. Hughes, U.S.M.J. (*Via E-Filing and Overnight Mail*)
James S. Richter, Esq. (*Via E-Filing and E-Mail*)