<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHURCH & DWIGHT CO., INC. | : | Civ. No. 05-2142 (GEB) (JJH) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| ABBOTT LABORATORIES, | : |  |
|  | : |  |
| Defendant. | : |  |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion of defendant Abbott Laboratories ("Defendant" or "Abbott") for Reconsideration of this Court's February 7, 2008 decision regarding instructions to the jury related to U.S. Patent Application No. 872,357 ("Mochnal Application").

## I.    BACKGROUND

On February 7, 2008, this Court ruled that the jury in this case should be instructed that the Mochnal Application should not be considered as prior art until the date that it was published as part of a patent application in Europe ("European Application").  The Mochnal Application, filed in the United States on June 9, 1986, contained subject matter that Abbott alleges is prior art to the patent in suit under 35 U.S.C. § 102(g)(2).[1]  The Mochnal Application was abandoned in

---

[1]35 U.S.C. § 102(g)(2) provides that:  A person shall be entitled to a patent unless -- (2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. In determining priority of invention under this subsection, there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one

1988, but a copending continuation application, No. 273,640, was filed on November 17, 1988 ("1988 Continuation Application"). Neither party disputes that the 1988 Continuation Application contained the relevant subject matter from the Mochnal Application. On November 16, 1989, the 1988 Continuation Application was abandoned, and a copending continuation-in-part application ("1989 CIP Application") was filed. The Court concluded that the relevant subject matter from the Mochnal Application was not contained in the 1989 CIP Application.[2]

Abbott argued that the Mochnal Application was prior art under § 102(g) as of the June 9, 1986 filing date. The Court disagreed. Thus the Court concluded that the filing of the Mochnal Application could not be considered as a constructive reduction to practice. The Court ruled that the jury should be instructed that the Mochnal Application cannot be considered as prior art until December 23, 1987, the date on which the subject matter was made public in European Application.

On February 8, 2008, Abbott filed a motion for reconsideration of this ruling, seeking to have the Court reverse its decision and find that the Mochnal Application could be prior art as of the June 9, 1986 filing date. Church & Dwight filed an opposition brief on February 11, 2008. The next day, Abbott filed a letter brief in reply. The Court denied the motion for reconsideration by oral order on February 13, 2008. Subsequently, the Court instructed the jury that "the earliest date on which the Mochnal Application may be effective as prior art is December 23, 1987." (Jury Instructions §§ 5.1, 7.1.) This opinion provides the Court's

_____

who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

[2]Abbott contests this point, but does reference any facts concerning the 1989 CIP Application that were overlooked by the Court. Thus, reconsideration of this issue is improper.

reasoning for denying Abbott's motion for reconsideration.

## II.   DISCUSSION

### A.   Standard of Review

The standard for reconsideration is high and reconsideration is to be granted only

sparingly.  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  In this district, motions

for reconsideration are governed by Local Civil Rule 7.1(I).  These motions can succeed only

upon a showing that either: "(1) an intervening change in controlling law has occurred; (2)

evidence not previously available has become available; or (3) [reconsideration] is necessary to

correct a clear error of law or prevent manifest injustice."  Carmichael v. Everson, No. 03-4787

(DMC), 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted).  The Court will

grant a motion for reconsideration only where its prior decision has overlooked a factual or legal

issue that may alter the disposition of the matter.  United States v. Compaction Sys. Corp., 88 F.

Supp. 2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(I). "The word 'overlooked' is the

operative term in the Rule."  Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation

omitted). A motion that merely raises a disagreement with the Court's initial decision is not an

appropriate reconsideration motion, but should be dealt with in the normal appellate process.  Id.

at 612 (citations omitted).  In other words, "[a] motion for reconsideration should not provide the

parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp.

2d 511, 532 (D.N.J. 1998) (citation omitted).

Generally, the moving party is not entitled to raise new arguments that could have been

addressed in the original moving and responsive papers. Bowers, 130 F. Supp. 2d at 613 ("[n]ot

only are such motions not a substitute for the appellate process, such motions are not an

opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers").  However, the Court does have the discretion to consider evidence raised for the first time in the motion for reconsideration if such evidence may lead to a different decision. Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991) ("There is nothing to prevent the court from examining new facts or evidence that might lead to a different result if considered by the court.").

    **B.**    **Application**

        **1.**    **The Filing of the Mochnal Application Does Not Qualify as Constructive Reduction to Practice**

Abbott contends that the Court's instructions to the jury regarding the Mochnal Application "was clear legal error resulting in manifest injustice."  The Court disagrees.

First, as Abbott notes (Reply Br. at 3.), the Court must address whether and when the Mochnal application qualifies as a "invention . . . made in this country" under §102(g).  The Federal Circuit has stated that priority of invention under § 102(g) "goes to the first party to reduce an invention to practice unless the other party can show it was the first to conceive the invention and that it exercised reasonable diligence in later reducing that invention to practice." Z4 Tech., Inc. v. Microsoft Corp., 507 F.3d 1340, 1352 (Fed. Cir. 2007) (citations omitted). Reduction to practice can be either constructive or actual.  Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1376 (Fed. Cir.1986).  Abbott, as the party challenging validity, bears the burden of establishing priority by clear and convincing evidence.  LifeScan, Inc. v. Home Diagnostics, Inc., 103 F. Supp. 2d 345, 367 (D. Del. 2000).  Abbott does not argue that there was actual reduction to practice prior to December 23, 1987.  Moreover, Abbott does not

argue that reasonable diligence was exercised  in later reducing to practice the relevant subject matter from Mochnal Application.  Instead, Abbott argues that the filing of the Mochnal Application itself constitutes constructive reduction to practice. (Reply Br. at 3).

Ordinarily, constructive reduction to practice occurs when a patent application is filed. Frazer v. Schlegel, 498 F.3d 1283, 1288 (Fed. Cir. 2007).  However, "[i]t has long been settled . . . that an abandoned application, with which no subsequent application was copending, cannot be considered a constructive reduction to practice."  In re Costello, 717 F.2d 1346, 1350 (Fed. Cir. 1983).  The Costello court stated that "[w]hile the filing of the original application theoretically constituted a constructive reduction to practice at that time, the subsequent abandonment of that application also resulted in an abandonment of the benefit of that filing as a constructive reduction to practice."  Id.  Thus the Costello court concluded that such an abandoned application, "is inoperative for any purpose, save as evidence of conception."  Id.

Abbott asserts that Costello is distinguishable because here an application was copending with the abandoned application.  (Def's Br. at 6.)  The Court is not persuaded.  When the 1988 Continuation Application, which both parties agree contained the relevant subject matter, was abandoned, the 1989 CIP Application, which did not contain the subject matter at issue, was pending.  The Court properly concluded that although the 1988 Continuation Application and the 1989 CIP Application were pending at the same time, Costello is applicable because the 1989 CIP Application did not contain the contested subject matter.  See Application of Lund, 376 F.2d 982, 991 (C.C.P.A. 1967) ("continuation-in-part application is entitled to the filing date of the parent application as to all subject matter carried over into it from the parent application, whether for purposes of obtaining a patent or subsequently utilizing the patent disclosure as evidence to

defeat another's right to a patent"); <u>see also</u> <u>Application of Klesper</u>, 397 F.2d 882, 885 (C.C.P.A. 1968) (following <u>Lund</u>).[3]

Abbott argues that <u>Lund</u> is distinguishable for two reasons.  First, Abbott contends that <u>Lund</u> does not apply here because the case involved §102(e), not §102(g).  (Def's Br. at 8.) Second, Abbott argues that <u>Lund</u> is distinguishable because here the European Application disclosed the Mochnal Application.  (<u>Id.</u>)

The Court disagrees with both arguments.  With respect to their first argument, Abbott asserts that "the standards at play in § 102(e) focus on the adequacy of various disclosures and whether or not they support claims of an issued patent."  (Reply Br. at 6.)  Abbott concludes that <u>Lund</u> has "no relevance whatsoever to an inquiry about abandonment, suppression or concealment under § 102(g)(2), and it is legal error to hold otherwise."  (<u>Id.</u>)  The Court concludes that this argument is not relevant because the issue is whether the filing of the Mochnal Application constitutes an invention in light of <u>Costello</u>, not whether any such invention was later abandoned.  Moreover, Abbott cites no authority to support its argument that § 102(g) is not concerned with the "adequacy of various disclosures."  (Reply Br. at 6.)  Indeed, disclosure is a concern in all prior art determinations.  <u>See</u>, <u>e.g.</u>, <u>Kimberly-Clark Corp. v. Johnson & Johnson</u>, 745 F.2d 1437, 1453 (Fed. Cir. 1984) ("the real meaning of 'prior art' in legal theory - it is knowledge that is available, including what would be obvious from it, at a

_____

[3]Abbott cites <u>Rexam Industries Corp. v. Eastman Kodak Co.</u>, 182 F.3d 1366, 1370 (Fed. Cir. 1999), wherein the Federal Circuit stated that "Costello . . . lost because of a lack of co-pendency."  The <u>Rexam</u> court held that <u>Costello</u> did not apply to the facts of that case because no application was abandoned.  <u>Rexam</u> does not address the applicability of <u>Costello</u> where an application is abandoned while a continuation-in-part application that does not contain the relevant subject matter is also pending.

given time, to a person of ordinary skill in the art").

The Court also rejects Abbott's second argument: that <u>Lund</u> is distinguishable because the European patent application disclosed the Mochnal Application.  Again, Abbott cites no authority for its position.  (Def's Br. at 8; Reply Br. at 6.)  In fact, an abandoned United States patent application is not prior art under § 102(g)(2) merely because a corresponding foreign patent has issued.  <u>Hercules Inc. v. Exxon Corp.</u>, 497 F. Supp. 661, 669 (D. Del. 1980) (rejecting argument that § 102(g) "covers American patent applications, which although abandoned here, issue in a foreign country").

## 2.  Abbott's Other Arguments Concerning Abandonment of an Invention Under Section 102(g)

Abbott argues that the "technical abandonment in the patent offices simply does not amount to abandonment under § 102(g)."  (Def's Br. at 5.)  Abbott cites <u>Eolas Technologies Inc. v. Microsoft Corp.</u>, 399 F.3d 1325, 1333 (Fed. Cir. 2005), wherein the Federal Circuit states that its "case law distinguishes between two types of conduct that invoke the ["abandoned, suppressed, or concealed"] exception within section 102(g)."  <u>Eolas</u>, 399 F.3d at 1333.  Abbott contends that neither of these two types of conduct are at issue and therefore the Court erred in ruling that there was abandonment of an invention under §102(g).  The Court concludes that this argument is besides the point, because the Court did not find that an invention was abandoned under §102(g).  Instead, as discussed above, the Court concluded that the filing of the Mochnal Application cannot constitute a constructive reduction to practice of the deleted subject matter.

Similarly, Abbott' s argument that an abandonment of an invention under §102(g) must occur prior to the date of invention for the patents in suit is not on point.  Abandonment of an

invention under §102(g) is not at issue here, because the filing of the Mochnal Application

cannot be deemed a constructive reduction to practice in the first place.[4]

## III.    CONCLUSION

Abbott has not shown that this Court made a clear error of law resulting in manifest

injustice.  Therefore, Defendant's Motion for Reconsideration is denied.


Dated:  February  28, 2008




_____s/ Garrett E. Brown, Jr._____
GARRETT E. BROWN, JR., U.S.D.J.

---

[4]In any event, Abbott does not cite any controlling authority for this argument.  Indeed, at least one district court in the Third Circuit has rejected such a rule, noting that it would contradict the principle that prior art be available to the public and would lead to the "anomalous" result of depriving inventors of their rights because they developed their inventions too soon.  See Scimed Life Sys., Inc. v. Johnson & Johnson, No. Civ.A. 99-904-SLR, 2001 WL 935623, at *4 & n.7 (D. Del. Aug. 15, 2001).

8