NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| CHURCH & DWIGHT CO., INC. | : | Civ. No. 05-2142 (GEB) (JJH) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| ABBOTT LABORATORIES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the renewed motion of defendant Abbott Laboratories ("Abbott") for judgment as a matter of law that plaintiff Church & Dwight Co., Inc. ("C&D") is not entitled to damages for sales of products manufactured prior to July 1, 2001 by Genzyme and/or Wyntek (Docket No. 252). The Court has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below the Court denies Abbott's motion.

I.      BACKGROUND

This case involves three patents owned by C&D related to over the counter pregnancy tests: U.S. Patent Nos. 5,714,389 ("the '389 Patent"), 5,989,921 ("the '921 Patent"), and 6,485,982 ("the '982 Patent") (collectively, the "Charlton Patents"). A trial was held from January 17, 2008 to February 15, 2008. The jury found that C&D proved by a preponderance of the evidence that Abbott literally infringed, contributed to the literal infringement of, or induced literal infringement of the Charlton Patents. Moreover, the jury found that Abbott had not

proven by clear and convincing evidence that any of the claims at issue were invalid. The jury also found that C&D showed by a preponderance of the evidence that it was entitled to recover: (1) lost profits in the amount of $10,250,000.00; and (2) a reasonable royalty of $4,350,000.00 for infringing sales. Finally, the jury found that C&D proved by clear and convincing evidence that the infringement was willful.

  Prior to trial, on December 14, 2007, Abbott filed a motion for Partial Summary Judgment Precluding an Award of Damages for Sales of Products Manufactured Prior to July 1, 2001 by Genzyme and/or Wyntek. On December 28, 2007, this motion was ordered withdrawn without prejudice to Abbott's right to raise the issues in a Motion for Judgment as a Matter of Law in conformance with Rule 50(a). On January 29, 2008, at the close of C&D's case, Abbott filed a motion for judgment as a matter of law under Rule 50(a), which argued, in part, that "C&D has presented no evidence to dispute the fact that Abbott was an implied licensee by virtue of a release provision granted by one of C&D's predecessors to an upstream manufacturer who sold allegedly infringing products to Abbott for re-sale in the over-the-counter market. With respect to those sales, C&D has already received its full compensation for any use of the Charlton patents that may have occurred, and no reasonable juror could find otherwise." (Docket No. 177 at 14.) Abbott initially renewed its motion on February 7, 2008, after the close of C&D's rebuttal case. The present renewed motion was filed on March 7, 2008.

  Abbott argues that it has an implied license to operate freely under the '921 and '982 patents with respect to accused products sold by Abbott that were manufactured by Genzyme Corporation ("Genzyme") because, under a patent License Agreement that C&D's predecessor, Carter-Wallace, entered into with Genzyme, C&D has been fully compensated for any

infringement relating to those products.

Abbott seeks an order stating that C&D is not entitled to damages for sales of products manufactured prior to July 1, 2001 by Genzyme and/or Wyntek. Abbott states that it contracted with a company called Wyntek Diagnostics for the manufacture of tests that Abbott would sell as part of its Fact Plus® brand line. Abbott states that in 2001, Wyntek Diagnostics was acquired by Genzyme. (Abbott Br. at 3 & n.3.)

## II.   DISCUSSION

### A.   Standard on Judgment as a Matter of Law

A motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) "should be granted only if, viewing the evidence in the light most favorable to the non movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find" for the non-movant. Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993); Mandile v. Clark Material Handling Co., 131 Fed.Appx. 836, 838 (3d Cir. 2005). In making this determination, "the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." Lightning Lube, 4 F.3d at 1166 (citing Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 190 (3d Cir. 1992)).

"The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." Lightning Lube, 4 F.3d at 1166, (quoting Patzig v. O'Neil, 577 F.2d 841, 846 (3d Cir. 1978)); see also Raiczyk v. Ocean County Veterinary Hosp., 377 F.3d 266, 268 (3d Cir. 2004) ("A judge may overturn a jury verdict only when, as a matter of law, the record is

3

critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.") (quotations omitted).

### B. Jury Verdict

The Court will deny Abbott's motion because there is no evidence that the jury did not fully credit Abbott's implied license defense and reduce C&D's recovery accordingly. Although C&D made this argument in its opposition brief (C&D Br. at 17), Abbott did not directly address it in its reply. Instead, Abbott contends that its implied license defense was somehow not before the jury because the License Agreement is unambiguous. Abbott reasons that because it is unambiguous, it must be construed by the Court in their favor.

The Court concludes that the implied license argument was properly before the jury. Abbott introduced the License Agreement into evidence. (DTX 82.) Moreover, Abbott filed a Rule 50(a) motion in which it argued that any reasonable jury must agree with its implied license argument. Pursuant to Rule 50(b), "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." FED. R. CIV. P. 50(b). Thus, the implied license argument was considered to have been submitted to the jury, subject to any later decision by this Court on the legal issues involved.

Even if the Court were to conclude that the License Agreement is unambiguous and must be construed as Abbott contends, there is no evidence to suggest that the jury did not take this into account in its damages analysis. It appears that Abbott merely speculates that the jury did not consider the License Agreement. In fact, when viewed in the light most favorable to C&D, the evidence indicates that the jury did reduce the recovery based on this argument: the License

Agreement was introduced into evidence by Abbott and the jury awarded recovery significantly below the dollar amounts referenced by C&D's experts.

Simply put, the Court will not now grant post-trial judgment as a matter of law in Abbott's favor on the implied license defense, because even if the Court were to rule that Abbott had an implied license, the Court cannot conclude that this would alter the jury's verdict.[1]

### III. CONCLUSION

For the foregoing reasons, Abbott's motion (Docket No. 252) is denied.

Dated:  June 23, 2008

                                                  s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.

---

[1] Abbott does not argue in this motion that a new trial should be granted for this reason.